IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IVICO ACOSTA, JR., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, and GULF CITRUS HARVESTING AND HAULING, INC., <br><br> Defendants. | **4:20CV3048** <br><br> **ORDER** |

Plaintiffs' complaint alleges Defendants failed to pay wages owned to Plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(4), and Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801, et seq., the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228, et. seq., and Texas contract law. Both defendants have filed answers.

Pending before me are Plaintiffs' motions to strike or, alternatively, to dismiss affirmative defenses alleged by Defendant Gulf Citrus Harvesting and Hauling, Inc., ("Gulf Citrus"), (Filing No. 18), and by Defendant Monsanto Company ("Monsanto"), (Filing No. 21), along with Defendants' respective requests for recovery of attorney fees. Defendants' briefing has resolved some of Plaintiffs' concerns, but issues remain. For the reasons discussed below, Plaintiffs' motions will be denied.

DISCUSSION

A.  Standard of Review

A federal court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the court enjoys "liberal discretion" in determining whether to strike a party's pleadings, doing so is an "extreme measure" and thus motions to strike under Rule 12(f) are "infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d 1170, 1195 (D. Neb. 2015) (Gerrard, J.) (internal citations omitted). But when abused, Rule 12(f) often produces the opposite effect by creating disputes and delaying proceedings. Id.; see also Stanbury, 221 F.3d at 1063. So, a motion to strike under Rule 12(f) will not be granted "in the absence of some showing of prejudicial harm" to the movant. Oglesby v. Lesan, 2017 WL 2345666, at *2 (D. Neb. May 30, 2017).

B.  Allegations at Issue

The allegations under review by this court[1] fall into three categories: 1) affirmative defenses alleged as required under Rule 8(c); 2) Rule 8(b) defenses

---

[1] As stated in Plaintiffs' Reply Briefs, after reviewing the Defendants' clarifying statements within their Briefs opposing Plaintiffs' motions to strike, Plaintiffs' motions are now limited to striking the attorney fee requests, every defense raised by Monsanto except allegations H and K, (see, Filing No. 31), and Gulf Citrus' allegations identified as its First, Fourth, Sixth, Eighth, Fourteenth, and Fifteenth Affirmative Defenses, (see, Filing No. 29). This Memorandum and Order therefore discusses only these remaining disputed issues.

2

mislabeled as affirmative defenses; and 3) Defendants' demand for recovery of attorney fees, which is not listed as a defense—affirmative or otherwise—by either Defendant.

1.   Affirmative Defenses.

As to the allegations remaining at issue, Gulf Citrus raises the affirmative defenses of: accord and satisfaction (First Affirmative Defense—limited by Defendant's briefing to Plaintiffs' breach of contract claims); that it acted in good faith and Plaintiffs cannot recover liquidated damages on their FLSA claims (Fourth Affirmative Defense); estoppel (Sixth Affirmative Defense—as to claims for recovery of transportation costs); and preemption of Nebraska Wage Payment and Collection Act by the FLSA (Fourteenth Affirmative Defense); and by federal H-2A regulations in effect in 2017 (Fifteenth Affirmative Defense). Monsanto raises the affirmative defenses of: statute of limitations (Affirmative Defenses, paragraph B); failure to mitigate (Affirmative Defenses, paragraph C); waiver, release, and accord and satisfaction (Affirmative Defenses, paragraph G); and equitable defenses of estoppel, waiver, unclean hands. and/or laches (Affirmative Defenses, paragraph F). Plaintiffs argue the defendants have not sufficiently pleaded the facts to support these affirmative defenses,[2] have not explained which defenses allegedly bar or reduce recovery on which claims,[3] and

---

[2] For example, although Gulf Citrus' accord and satisfaction defense is limited to Plaintiffs' contract claims, Plaintiffs argue the allegation must be stricken because Gulf Citrus has failed to allege how the elements of an accord and satisfaction have been met.

[3] For example, Monsanto alleges Plaintiffs' claims are barred by the statute of limitations. Plaintiffs argue there are more than four statutes of limitations relevant to the claims brought, Monsanto has access to the facts needed to verify the dates alleged in Plaintiffs' complaint, and it should therefore be required to specifically allege which claims by which plaintiff are time-barred. (Filing No. 31, at CM/ECF pp. 7-8).

have alleged defenses which are wholly inapplicable to some of Plaintiffs' theories of recovery.[4]

The pleading requirements applicable to Plaintiffs' claims under Rule 8(a) of the Federal Rules of Civil Procedure, as espoused by Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), do not apply to defenses alleged under Rules 8(b) and 8(c). An alleged affirmative defense need only "affirmatively state any avoidance or affirmative relief." Fed. R. Civ. P 8(c); see also J & J Sports Prods., Inc. v. Ehegartner, No. 8:18CV75, 2018 WL 2869023, at *1 (D. Neb. Apr. 25, 2018) (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997); Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d at 1193 (D. Neb. 2015); Bank of Beaver City, 2011 WL 4632887, at *6). And defendant is not required to parse out which defense is applicable to which theory of recovery raised in a plaintiff's complaint.[5] As such, the court will not strike Defendants' affirmative defenses as insufficiently pleaded.

Plaintiffs' motion is titled as a motion to strike "or, in the alternative, dismiss" Defendants' affirmative defenses. Plaintiffs briefing mentions striking certain defenses as having no legal merit as to some claims, but Plaintiffs do not argue that any affirmative defense alleged has no merit as to any of the four theories of recovery raised in Plaintiffs' complaint. Plaintiffs argue that certain affirmative defenses raised by Defendants are inapplicable to certain theories of recovery alleged by Plaintiffs. They may be right, but it is unclear from the briefing that any such arguments are truly in dispute.

---

[4] For example, Plaintiffs argue Monsanto's failure to mitigate defense must be stricken with prejudice as to Plaintiffs' FLSA, AWPA, or Nebraska wage collection claims because a plaintiff has no duty to mitigate as to these claims.

[5] This corresponds well with the corollary rule: Plaintiffs need not identify their theories of recovery in the complaint.

So, although Plaintiffs ask the court to strike certain affirmative defenses as to certain claims "with prejudice," the court will not. Striking an affirmative defense is "an extreme and disfavored measure," and if it does occur, "[t]he remedy for striking defenses at this stage of the litigation is often to permit amendment later." Infogroup, 95 F. Supp. 3d at 1195 (citing Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011)).

    2.    Allegations Mislabeled as Affirmative Defenses

Defendants have labeled all their defenses as affirmative defenses. "An 'affirmative defense' is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" Safeway Transit LLC v. Disc. Party Bus, Inc., 954 F.3d 1171, 1182 (8th Cir. 2020). Generally, if the Plaintiffs bear the burden of proof as to a defense alleged, that defense is not an affirmative defense. Alleging that Plaintiffs cannot prove, or have not stated, a claim is not an affirmative defense.

When defendants mislabel defenses as affirmative defenses, the court looks past the parties' labels and evaluates the actual allegations within the pleading. An allegation that does not negate elements of a plaintiff's claim should generally not be designated as an "affirmative defense," but the defense need not be stricken due to its mistaken designation. "On the contrary, such errors are routinely disregarded." Bank of Beaver City v. Sw. Feeders, L.L.C., 2011 WL 4632887, at *9 (D. Neb. Oct. 4, 2011) (Urbom, J.). Despite an erroneous "affirmative defense" label, defenses which notify plaintiffs that they will be put to their proof are not insufficient as a matter of law and will not be stricken. Bank of Beaver City, 2011 WL 4632887, at *9; see also Infogroup, Inc., 95 F. Supp. 3d at 1195 n. 26.

5

Here, Gulf Citrus alleges Plaintiffs cannot prove Gulf Citrus had a duty to pay transportation costs arising from using an unauthorized third-party provider (Eighth Affirmative Defense). Monsanto alleges Plaintiffs' complaint fails to state a claim upon which relief may be granted (Affirmative Defenses, paragraph A); Plaintiffs and the individuals they seek to represent are not an appropriate class and Plaintiffs are not appropriate class representatives (Affirmative Defenses, paragraph D); Plaintiffs cannot prove the requirements to pursue a FLSA collective action (Affirmative Defenses, paragraph E); Plaintiffs have failed to state a claim against Monsanto because Monsanto was not their employer (Affirmative Defenses, paragraph I); and Plaintiffs' alleged damages were not proximately caused by any breach of a duty owed by Monsanto (Affirmative Defenses, paragraph J). Each of these defenses challenge Plaintiffs' complaint as either not stating a claim or not stating a claim Plaintiffs can prove and for which they bear the burden of proof. As to the latter, the defenses identify and explain the element(s) of Plaintiffs' claims that, according to Monsanto, lack evidentiary support. While mislabeled as affirmative defenses, such defenses are appropriately pleaded, provide notice to Plaintiffs, and will not be stricken.

    3.    Requests for Attorney Fees and Costs

Plaintiffs argue the court must strike Defendants' requests for recovery of attorney fees and costs because Defendants failed "to allege any statute, cause of action, and/or sanction which allows for attorney's fees to be shifted onto Plaintiffs. Plaintiffs argue the allegations of Defendants' answers do not afford adequate notice of "which, if any, body of law (state or federal) Defendant deems applicable." (Filing No. 19, at CM/ECF p. 14). "Plaintiffs also move to dismiss Defendant's prayer for attorney's fees for failure to specifically state special damages under Fed. R. Civ. P. 9(g)," and for failing to meet the heightened pleading requirements of Rule 9.

"Attorney's fees are 'special damages' that parties are required to plead under Rule 9(g) of the Federal Rules of Civil Procedure." Nat'l Liberty Corp. v. Wal-Mart Stores, Inc., 120 F.3d 913, 916 (8th Cir. 1997). But at this stage of the litigation, Defendants need not state the legal basis for recovery of fees. At the initial response stage, the statutory basis for demanding fees may not be fully known. For example, a fee demand under Rule 11 or 28 U.S.C. § 1927 can be supported by discovery obtained or litigation tactics endured as the case progresses. Under such circumstances, Defendants should not be limited to the statutory grounds cited in their initial Answers. Likewise, Defendants are not currently able to allege, with specificity, the amount of attorney fees they will incur to defend this case.

A party complies with Rule 9(g) by setting forth the specific type of special damage sought, and not the actual amount. Charles E. Beard, Inc. v. Cameronics Tech. Corp., 120 F.R.D. 40, 41 (E.D. Tex. 1988) (holding demand for "attorney fees" was sufficiently pled). Defendants' current allegations provide sufficient notice that they intend to request recovery of their fees and costs. Such allegations will not be stricken.

    C.    Prejudice

Plaintiffs argue they will be prejudiced if Defendants' defenses and affirmative defenses cited above are not stricken. They argue they will have to perform extra and unnecessary discovery, and they will be required to use the limited number of interrogatories allowed under the federal rules to ascertain the Defendants' positions on affirmative defenses rather than gather facts to support their claims.

First, discovery is an unfailing and wholly foreseeable burden of civil litigation. Under the circumstances presented, the court will not construe that burden as a prejudice to Plaintiffs arising from the defenses within Defendants' answers and the court's refusal to strike those defenses. Second, to the extent additional interrogatories are needed, Plaintiffs can request leave to serve them. Or the parties could resolve the issues of what defenses apply to which claims by stipulation, either in a separate filing or by amending their Rule 26(f) Report to provide that degree of clarity. The parties should be prepared to discuss these options during scheduling conference set before me on July 21, 2020.

Accordingly,

IT IS ORDERED that Plaintiffs' motions to strike or, alternatively, to dismiss affirmative defenses alleged by Defendant Gulf Citrus Harvesting and Hauling, Inc., ("Gulf Citrus"), ([Filing No. 18](#)), and by Defendant Monsanto Company ("Monsanto"), ([Filing No. 21](#)), are denied.

July 20, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge